**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000590
16-JAN-2025
08:00 AM
Dkt. 87 SO**

NO. CAAP-20-0000590

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MICHAEL C. GREENSPON, Plaintiff-Appellant, v.
DEUTSCHE BANK NATIONAL TRUST COMPANY; OCWEN LOAN SERVICING, LLC;
JAMES BLAINE ROGERS III; J. BLAINE ROGERS III, ALC;
ALAN JARREN MA; DENTONS US LLP; et al., Defendants-Appellees,
and DOES 10-100, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC191000092(2))

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Self-represented Plaintiff-Appellant Michael C.

**Greenspon** appeals from the Circuit Court of the Second Circuit's

(1) August 28, 2020 Final Judgment, (2) **September 22, 2020 Order**

denying his motion to set aside the orders dismissing the action

and declaring Greenspon a vexatious litigant, and (3) "all prior

orders and oral rulings . . . and all findings and conclusions there in [sic]."[1]

Briefly, in 2003, Greenspon obtained a $650,000.00 mortgage loan for a property in Ha'ikū, Maui (the **Ha'ikū Property**). In 2006, Greenspon modified the loan, increasing the principal amount to $800,000.00. In 2008, Greenspon was sent a notice stating that his loan was "in serious default" and that he must pay $27,664.44 on or before December 6, 2008 to cure the default. In 2010, the Ha'ikū Property was sold at a public non-judicial foreclosure auction to Deutsche Bank National Trust Company, as Trustee.

Much litigation ensued based on this foreclosure.[2] In the case underlying this appeal, Greenspon filed a complaint against **Deutsche Bank** National Trust Company and **Ocwen** Loan Servicing LLC in March 2019. Later that year, Greenspon filed a First Amended Complaint adding James Blaine **Rogers** III; J. Blaine Rogers III, ALC; and Dentons US LLP as defendants (collectively **Dentons Defendants**).[3] Greenspon also named

---

[1] The Honorable Peter T. Cahill presided.

[2] The litigation include, without limitation: 1CC111000194 (CAAP-13-0001432); 2CC171000090 (CAAP-19-0000391 & CAAP-20-0000442); 2CC141000560 (CAAP-20-0000452); 2CC141000379 (CAAP-20-0000557); and Civil No. 19-00516 JAO-KJM. We take judicial notice of the filings and documents in these cases. See Hawai'i Rules of Evidence Rule 201; Peters v. Aipa, 118 Hawai'i 308, 311 n.3, 188 P.3d 822, 825 n.3 (App. 2008).

[3] Jenny **Nakamoto** is not a named defendant in the case title, but Greenspon refers to Nakamoto as a defendant in his First Amended Complaint.

attorney Alan Jarren **Ma** with Watanabe Ing, LLP as a defendant in his First Amended Complaint.

In the First Amended Complaint, Greenspon asserted fourteen counts against the defendants. Greenspon settled with Deutsche Bank, Ocwen, and Watanabe Ing LLP and their attorneys (including Ma), leaving only the Dentons Defendants.[4] The Dentons Defendants moved for judgment on the pleadings asserting inter alia that claims against them were barred by litigation privilege relying in part on Hungate v. Law Off. of David B. Rosen, 139 Hawaiʻi 394, 413, 391 P.3d 1, 20 (2017) (abrogated on other grounds by State ex. rel. Shikada v. Bristol-Meyers Squibb Co., 152 Hawaiʻi 418, 526 P.3d 395 (2023)).

The circuit court entered: (1) judgment on the pleadings against Greenspon because the claims against counsel were barred by litigation privilege; (2) findings, conclusions, and order granting the Dentons Defendants' motion to designate Greenspon a vexatious litigant under Hawaiʻi Revised Statutes (**HRS**) chapter 634J; and (3) Final Judgment. Greenspon filed a timely notice of appeal.

---

[4] The claims against the Dentons Defendants in the First Amended Complaint were as follows: Fraud/Intentional Misrepresentation (Count 1); UDAP (Counts 3-5); Gross Negligence/Recklessness (Count 7); Breach of Fiduciary Duty (Count 8); Tortious Interference (Count 9); Intentional Infliction of Emotional Distress (County 10), Damages (Count 11); Punitive/Exemplary Damages (Count 12); and Injunctive Relief (Count 14). Greenspon asserted Conversion/Slander of Title/Quantum Meruit (Count 6) against Rogers.

On appeal, Greenspon raises five points of error[5] challenging the dismissal of his case (Points A-C), the designation of vexatious litigant (Point D), and the impartiality of the circuit court (Point E).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and vacate and remand.

**(1)** First, Greenspon challenges the dismissal of his case (Points A-C). In particular, Greenspon contends his first amended complaint plainly asserts violation of HRS § 480-2 (2008) and "common law tort claims." The gist of Greenspon's argument appears to be that the Dentons Defendants acted as debt

---

[5] Greenspon's five points of error are as follows:

A. "The circuit court reversibly erred as a matter of law by dismissing Appellant's FAC § V UDAP claims based on Appellees patently illegal unfair and deceptive conduct";

B. "The circuit court reversibly erred as a matter of law by dismissing Appellant's FAC § III & IV UDAP claims based on Appellees' illegal conduct as debt collectors in violation of 15 USC § 1692 (FDCPA) and HRS § 480D";

C. "The circuit court reversibly erred as a matter of law by dismissing all of Appellant's FAC common law tort claims on the pleadings";

D. "The circuit court reversibly erred as a matter of law and grossly abused its discretion by granting Appellee's HRS § 634J motion"; and

E. "The circuit court's conduct and systematic errors shows a pattern of bias[.]"

(Some emphasis omitted.)

collectors, not attorneys.  The Dentons Defendants again assert litigation privilege.

Generally, litigation privilege bars claims by a civil litigant against the opposing party's counsel.  Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Hawaiʻi 251, 269, 151 P.3d 732, 750 (2007).

In ruling on the Dentons Defendants' motion for judgment on the pleadings, the circuit court referred to the reasons stated during the June 24, 2020 hearing.  In that hearing, the circuit court found that the Dentons Defendants' actions arose from the practice of law:

> The Supreme Court did and does allow UDAP claims against attorneys.  They are not granted blanket immunity or insulated from such claims.  However, the claims must arise against an attorney in a business context and not in a practice of law context, and in that regard, the allegations and reviewing all of the materials submitted in this case and the Court taking judicial notice of all of the other cases in which issues similar to this have been raised by Mr. Greenspon, notes that the actions of Mr. Rogers, his firm, and other attorneys in his firm arise out of the actual practice of law and not in the business relationship, and, therefore, the motion is granted.

(Emphasis added.)

The First Amended Complaint supports the circuit court's finding.  Although, in his First Amended Complaint, Greenspon framed the Dentons Defendants' actions as that of "debt collectors," he acknowledged that they represented Deutsche Bank and Ocwen.

HRS § 480-2(a) or **UDAP** provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."  In Hungate, the Hawaiʻi Supreme Court declined to recognize a UDAP claim against the lender's attorney.  Hungate, 139 Hawaiʻi at 405, 413, 391 P.3d at 12, 20.  Because Greenspon acknowledged that the Dentons Defendants represented Deutsche Bank and Ocwen, and the circuit court found that the UDAP claims arose out of that representation, the circuit court did not err in dismissing the UDAP claims against the Dentons Defendants.  See In re Off. of Info. Pracs. Op. Letter No. F16-01, 147 Hawaiʻi 286, 294, 465 P.3d 733, 741 (2020) (explaining order granting motion for judgment on the pleadings is reviewed de novo).

As to Greenspon's "common law tort claims," he argues in his opening brief that dismissal of the fraud and wrongful foreclosure claims were wrong.[6]  In Domingo v. James B. Nutter & Co., 153 Hawaiʻi 584, 616, 543 P.3d 1, 33 (App. 2023), this court held that a wrongful foreclosure claim against the lender's attorney per se should not be permitted.  Thus, the circuit court here did not err in dismissing Greenspon's wrongful foreclosure claim.

---

[6]  Greenspon also seems to argue his abuse of process claim was wrongly dismissed, but it appears that any abuse of process argument was raised in the context of his UDAP claim and not as a separate count in his First Amended Complaint.

6

However, "an attorney is not immune from liability or civil damages based upon the attorney's own fraud upon the court in prior litigation proceedings." Id. at 609, 543 P.3d at 26. In his fraud claim, Greenspon maintained among other things that the defendants filed fraudulent documents and made false representations to the court. When considering the allegations in the complaint, and deeming them true as we must, the circuit court erred in dismissing Greenspon's fraud claim to the extent it alleged fraud on the court. See id. at 599-600, 543 P.3d at 16-17 (explaining we must deem the allegation in the complaint as true).

**(2)** Next, Greenspon challenges his designation as a vexatious litigant (Point D).

We review a vexatious litigant determination under the abuse of discretion standard. Trs. of Est. of Bishop v. Au, 146 Hawaiʻi 272, 278, 463 P.3d 929, 935 (2020).

A vexatious litigant includes a plaintiff who, "[i]n any litigation while acting in propria persona, files, in bad faith, unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay[.]" HRS § 634J-1(3) (2016). A vexatious litigant also includes a

plaintiff who "[h]as previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence."  HRS § 634J-1(4) (2016).

In its order designating Greenspon a vexatious litigant, the circuit court took judicial notice of the pleadings and documents filed in Case No. 2015-CA-004488-O, administratively consolidated with Case No. 2015-CA-004489-O through 4593, In Re: Butler & Hosch, P.A., Assignor, To: Michel Moecker, Assignee, in the Circuit Court Ninth Judicial Circuit, Orange County, Florida Complex Business Jurisdiction (**Florida Case**).  The circuit court considered the findings in the Florida Case, including that Greenspon failed to comply with orders, conducted himself in a manner that was "frivolous, burdensome and harassing"; engaged in "meritless and vexatious litigation"; and delivered "an unmarked envelope containing $500 cash" to the Florida court.  "The Florida Court invoked its 'inherent authority to prohibit court filings by vexatious pro se litigants.'"

The circuit court also found that Greenspon disrupted the orderly proceedings of Hawaiʻi courts.  The circuit court recounted five instances where envelopes of cash were submitted

with Greenspon's filings.  The circuit court also made findings regarding Greenspon failing to comply with court orders, causing unnecessary delay in providing materials, and conducting unnecessary discovery.  Although Greenspon "challenges all of the erroneous FOF," he does not show the findings were clearly erroneous.

In sum, the circuit court's findings show Greenspon conducted "unnecessary discovery" and caused "unnecessary delay" satisfying HRS § 634J-1(3).  The circuit court's findings also satisfy HRS § 634J-1(4) as the Florida court considered Greenspon's actions vexatious, including failure to comply with court orders and submitting cash to the court, which similarly occurred in Hawaiʻi.

Thus, the circuit court did not abuse its discretion in designating Greenspon a vexatious litigant.

**(3)**  Finally, Greenspon maintains the circuit court was biased (Point E).  Greenspon argues the circuit court "breached its [Hawaiʻi Revised Code of Judicial Conduct (**HRCJC**)] duties to uphold and apply the law, to actually decide matters on the merits, and to make reasonable accommodations to allow the *pro se* Appellant to be heard, and in fact the court has not held any hearings in this case at all."

The argument section of Greenspon's opening brief does not reference any specific section of HRCJC in violation of Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7), and may be deemed waived.

Nonetheless, as Greenspon specifically challenges the circuit court's bias, we look at HRCJC Rule 2.3, which provides in pertinent part that "[a] judge shall perform the duties of judicial office without bias or prejudice" and "[a] judge shall not . . . engage in harassment[.]" HRCJC Rule 2.3(a), (b). Some examples of bias are using "epithets; slurs; demeaning nicknames[,]" while harassment "is verbal or physical conduct that denigrates or shows hostility or aversion toward a person on bases such as race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, political affiliation, or personal characteristics." HRCJC Rule 2.3 cmt. (emphasis omitted).

Greenspon complains that the court "failed to adjudicate" his claims and "grossly abused its discretion." (Emphases omitted.) Greenspon's complaints do not show bias or harassment as contemplated by HRCJC Rule 2.3.

Based on the foregoing, we vacate the circuit court's August 28, 2020 Final Judgment and September 22, 2020 Order denying his motion to set aside the orders dismissing the action and declaring Greenspon a vexatious litigant to the extent the

10

First Amended Complaint alleged fraud on the court.  We affirm in all other respects, and remand this case to the circuit court for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, January 16, 2025.

On the briefs:

Michael C. Greenspon,
Plaintiff-Appellant, pro se.

Paul Alston,
John-Anderson L. Meyer,
Madisson L. Heinze,
(Dentons),
for Defendants-Appellees.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge